**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| ADELMO DE JESUS MIGUEL MARTINEZ,   ) | |
|        ) | |
|     *Petitioner*,   ) | |
|        ) | |
|     v.   ) | 1:26-cv-12 (PTG/IDD) |
|        ) | |
| TODD M. LYONS, *et al.*   ) | |
|        ) | |
|     *Respondents*.   ) | |
|        ) | |

## <u>ORDER</u>

This matter comes before the Court on Petitioner Adelmo De Jesus Miguel Martinez's

Petition for a Writ of Habeas Corpus (the "Petition"). Dkt. 1. Petitioner is a citizen of Guatemala,

who has resided in the United States since approximately April 2001. *Id.* ¶¶ 15, 43. According to

the Petition, on or about October 15, 2025, Petitioner was detained by immigration officials and

transferred to the Farmville Detention Center. *Id.* ¶¶ 44, 48. At the time of the filing of the Petition,

Petitioner was detained at the Karnes County Detention Center, which is outside of this Court's

jurisdiction. *Id.* ¶ 15.

Petitioner now brings suit against Todd M. Lyons, Acting Director of Immigration and

Customs Enforcement, and others, alleging that his continued detention violates his constitutional

rights. Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. §

1225(b)(2)(A). Dkt. 4. On February 2, 2026, this Court, *sua sponte,* directed the parties to submit

supplemental briefing on jurisdiction within seven days. Dkt. 5. Upon consideration of the

Petition (Dkt. 1), Respondents' Opposition[1] (Dkt. 4), the parties' supplemental briefing on

---

[1] In accordance with the Court's show cause order (Dkt. 3), Respondents filed a Notice indicating
that the factual and legal issues presented in this Petition do not differ in any material fashion from

1

jurisdiction (Dkts. 7, 8), the Court concludes that it has jurisdiction over the Petition and that Petitioner is entitled to a bond hearing. Thus, the Petition is **GRANTED**.

First, the Court finds that it has jurisdiction over this matter. Under 28 U.S.C. § 2241(a), "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." The proper jurisdiction for a habeas petition is generally "in the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). "When applying these rules, courts look to the place where the petitioner was confined when the petition was filed." *Suri v. Trump*, 785 F. Supp. 3d 128, 137-38 (E.D. Va. 2025). However, the Supreme Court has acknowledged that the Court did not refer to habeas jurisdiction "in the sense of subject-matter jurisdiction of the District Court." *Padilla*, 542 U.S. at 434 n.7. The Fourth Circuit subsequently explained that the jurisdictional provision in § 2241(a) is either "understood as a requirement of personal jurisdiction over a habeas respondent" or "as a venue provision prescribing the particular location for the filing of a habeas petition." *Kanai v. McHugh*, 638 F.3d 251, 258 (4th Cir. 2011). As Respondents acknowledge, "any challenge to habeas proceedings based on this language in § 2241(a) is waived if not timely asserted." *Id.* at 258.

Here, the Court finds that Respondents waived jurisdiction. In their original opposition, Respondents never raised a jurisdictional challenge, much less acknowledged Petitioner's detention location in Texas. Dkt. 4. If not for the Court's February 2, 2026 Order (Dkt. 5) directing the parties to file supplemental filing on jurisdiction, Respondents would not have raised the matter. *See* Dkt. 7 at 4 n.1 (claiming that "Federal Respondents timely asserted this challenge *once prompted by the Court.*") (emphasis added). Accordingly, in light of Respondents' waiver

---

those presented in *Andrade Portillo v. Perry, et al.*, 1:25-cv-1646 (E.D. Va.). Accordingly, Respondents' substantive arguments in *Andrade Portillo* will be incorporated into this matter.

2

and notwithstanding Petitioner's location outside of this jurisdiction, the Court concludes that it has jurisdiction.

On the merits, the Court finds that Petitioner is not an "applicant for admission" and is therefore not subject to detention under 8 U.S.C. § 1225(b).   This Court rejects Respondents' assertion that any immigrant without lawful status, including the Petitioner, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See* Dkt. 4.   As Respondents concede, this Court, and others in this District, have repeatedly rejected Respondents' assertion. *See, e.g., Hasan v. Crawford*, No. 1 :25-cv-1408, 2025 WL 2682255, at *5-9 (E.D. Va. Sept. 19, 2025); *Quispe-Ardiles v. Noem*, No. 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Garcia v. Noem*, No. 1:25-cv-1712, 2025 WL 3111223, at *3 (E.D. Va. Nov. 6, 2025).   Courts outside of this jurisdiction have also been unequivocal in their rebuff of Respondents' actions.[2]  *See Echevarria v. Bondi*, 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) ("[M]any district courts across the country have grappled with the same issue, and it appears that all but one of them has rejected Respondents' position."). To be clear, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

The Petition alleges, and Respondents do not dispute, that Petitioner has continuously resided in the United States for twenty-five years since his entry into the country in 2001.[3] Dkt. 1

---

[2] *See Demirel v. Fed. Det. Ctr. Phila.*, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting that "the law is clear" that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here"). Although Respondents rely on the Fifth Circuit's decision reaching a contrary conclusion, that decision is not binding here. *CASA de Maryland, Inc. v. Trump*, 971 F.3d 220, 260 (4th Cir. 2020).

[3] Additionally, Respondents do not raise any issue of criminal history that should preclude Petitioner's request for immediate release.

¶ 43. Accordingly, Petitioner is entitled to an immediate bond hearing under § 1226(a), and its implementing regulations, before an immigration judge.

Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**; it is further

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order. Petitioner must also appear at the bond hearing once the government notifies him of its date, time, and location; it is further

**ORDERED** that Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of the date of this Order; it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2); and it is further

**ORDERED** that the parties shall file a status report on the status of Petitioner's bond hearing within three (3) days of the bond hearing. The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial.

4

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 26 day of February, 2026.
Alexandria, Virginia

_____ /s/
Patricia Tolliver Giles
United States District Judge

5